**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00101-CR**
_____

**OSCAR LEE ADAMS ALEX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 25DCCR0988**

_____

**MEMORANDUM OPINION**

On February 11, 2026, the trial court sentenced Oscar Lee Adams Alex in Trial Cause Number 25DCCR0988 on an indictment for possession of a controlled substance. On February 26, 2026, Alex filed a notice of appeal. The District Clerk then sent Alex's notice of appeal and the trial court's certification to the Ninth Court of Appeals. The trial court's certification, which Adams and his trial attorney signed, states that the case "[i]s a plea-bargain case, and the defendant has NO right of appeal[]" and that "[t]he defendant has waived the right of appeal[.]"

1

On March 3, 2026, we notified the parties that we would dismiss the appeal unless the appellant established that the trial court's certification was incorrect. Appellant's counsel obtained four extensions of time to obtain a ruling on Alex's motion to amend the certification. On July 1, 2026, Alex filed a response that notified the Court that the trial court denied Alex's motion to amend the certification. In a statement that is attached to his response, Alex states that the State agreed to a "cap" on punishment. He did not ask this court to review the record before determining whether we have jurisdiction. Instead, Alex asks this Court to order the trial court to amend the certification or remand the case to the trial court for a hearing on the voluntariness of Alex's guilty plea. Voluntariness of the plea may not be raised on appeal from a plea-bargained, felony conviction. *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001). Furthermore, Alex is not entitled to an out-of-time motion for new trial. *See Oldham v. State*, 977 S.W.2d 354, 359-60 (Tex. Crim. App. 1998).

Because the record lacks a certification that shows that Alex has the right of appeal, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on July 21, 2026
Opinion Delivered July 22, 2026
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

2